## J. W. Gilchrist, Receiver of Taxes for the City of Wilkes-Barre, *v.* Theodore Strong et al., Appellants.

*Statutes—Repeal—Acts of May 4, 1871, and May 24, 1887—Boundary of the city of Wilkes-Barre.*

When the inconsistency between a local and a subsequent general act is such as to show an intent to repeal the former, the local act must yield.

The act of May 4, 1871, P. L. 539, providing that the western boundary line of the city of Wilkes-Barre shall be the low watermark of the Susquehanna river, is repealed by the general act of May 24, 1887, P. L. 203, providing "that whenever any township, borough or city is bounded by the nearest margin of any navigable stream of this commonwealth and the opposite township, borough or city, as the case may be, is also bounded by the nearest margin of the same stream, the middle of such stream shall be deemed and taken to be the boundary line between such townships, boroughs or cities, as the case may be."

Argued April 17, 1895. Appeal, No. 409, Jan. T., 1895, by defendants, from judgment of C. P. Luzerne Co., May Term, 1893, No. 282, in favor of plaintiff on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Case stated to determine the validity of a tax levied upon defendants' coal lands lying in the bed of the Susquehanna river between the low watermarks.

The facts appear by the opinion of SITTSER, P. J., of the 44th judicial district specially presiding, which was as follows:

"The dispute in this case is over the western boundary of the city of Wilkes-Barre. It grows out of an attempt on the part of the city to tax the land of the defendants lying between low watermark and the middle of the Susquehanna river. Whether the true boundary be at low watermark or at the middle of the river depends upon the construction of two acts of assembly. It appears by the case stated that the city of Wilkes-Barre was incorporated by a special act approved May 4, 1871, P. L. 539, and that it was bounded on the west by low watermark of the Susquehanna river. The opposite township is also bounded by low watermark on the opposite side of the same river. Between the boundary lines of the city and township, lies the land under the bed of the river, which, prior to the act of May 24, 1887, P. L. 203, belonged to no municipal division, and although valuable for its coal was not subject to taxation. That act, however, provides ' that whenever any township, borough or city is bounded by the nearest margin of any navigable stream of this commonwealth and the opposite township, borough or city, as the case may be, is also bounded by the nearest margin of the same stream, the middle of such stream shall be deemed and taken to be the boundary between such townships, boroughs or cities, as the case may be.' The coal lands of the defendants lie in the bed of the river between the lines of low watermark. These lands, to the middle of the river, have been assessed with taxes by the authorities of the city of Wilkes-Barre as within the limits of the city, as enlarged by the act of 1887. The defendants deny that the act of 1887 applies to the city of Wilkes-Barre, because the act creating the city of Wilkes-Barre and defining its boundaries was a local or special act, while the act of 1887 is a general law, which will not repeal a local or special law in the absence of express words of repeal, and therefore resist the payment of any taxes to the city.

"Whether the act of 1887 extends the western boundary of the city to the middle of the river is the question in the case.

"A general statute without negative words will not repeal a

previous statute which is particular, though the provisions of the two be different, unless there is something inconsistent or irreconcilable in them: City v. Sheck, 104 Pa. 53.

" This is not an arbitrary rule of construction. It has a reason back of it. ' It is against reason to suppose that the legislature in framing a general system for the state intended to repeal a special act which the local circumstances of one county made necessary: Seifried v. Commonwealth, 101 Pa. 200.

" It is a question of intention. ' The repeal of a special statute enacted for a special purpose must either be expressed or the manifestation of the legislative intent to repeal must be so clear as to be equivalent to an express direction : ' Cole v. Supervisors, 11 Iowa, 552. ' When, however, the inconsistency between a private and a general act is such as to show an intent to repeal the former, the private act must yield.' Great Central Gas Consumers v. Clark, 13 C. B. (N. S.) 838. Sedgwick on Construction of Statutory and Constitutional Law, 99, note.

" That the act of 1871 incorporating the city of Wilkes-Barre is a local law cannot be doubted. That the act of 1887 is a general law is equally clear. If the act of 1887 repeals the act of 1871 so as to change the boundary from low watermark to the middle of the river, the legislative intent to repeal must be so clear as to be equivalent to express direction. The act of 1887 must be given some effect. As said in Engle v. Richards, 4 Pa. C. C. 48, ' If a law can have no operation or effect except as a repeal of a local law, that constitutes necessary implication of the strongest kind, for it is a cardinal rule of construction that a statute shall be so construed as to have effect and not be a mere nullity or surplusage.' The townships, boroughs and cities upon which it is contended the act operates were created either by a special act of assembly or by the action of the courts in pursuance of general laws. By either method the result was the creation of a local situation. To hold that the act would only change the boundaries of such municipalities as were created by the courts and not those created by act of assembly would seem to be unreasonable. The object of the law was to bring the land lying under the bed of navigable rivers within the municipal divisions of the commonwealth so as to subject the territory to their control and the

land to taxation. The act deals entirely with local situations, whether that situation was produced by a special act of the legislature or by a special decree of the court. There is no room for the idea that from the general purview of the act there was no intention to disturb special localities. On the contrary such was the manifest and only intention, and the act would be a mere nullity if such be not its effect. The act had nothing else to operate upon. The boundary of the city of Wilkes-Barre at low watermark on the Susquehanna river is within the very letter of the act. Its situation is accurately described as one, among others, which the law was intended to affect. The act of 1887 deals with land outside of township, borough or city limits. As to such territory there is no doubt whatever as to what is meant. There is no local law to relieve it from the general provisions of the act. The fact that by the act it is attached to contiguous municipal divisions does not affect the intent, no matter how the contiguous municipal divisions were created.

" Being of opinion that the plaintiff is entitled to collect and receive the tax mentioned in the case stated, we direct judgment to be entered in favor of the plaintiff, as in an action of assumpsit, for ninety-three and eighty-four one-hundredths ($93.84) dollars, with interest from Sept. 1, 1892, to April 28, 1893."

*Error assigned* was entry of judgment for plaintiff.

*J. B. Woodward, Geo. R. Bedford, H. A. Fuller, Frank W. Wheaton* and *Thomas Darling* with him, for appellant.—A general affirmative statute will not repeal a previous particular statute upon the same subject though the provisions of the former be different from those of the latter: Brown v. Commissioner, 21 Pa. 37 ; Seifried v. Com., 101 Pa. 200 ; Malloy v. Reinhard, 115 Pa. 31 ; Morrison v. Fayette Co., 127 Pa. 114.

The only reason adduced by the court below for taking the present case out of the general rule is that if it cannot operate in this or similar cases there are no situations in which it can operate. If this allegation be true then the act is special and local and contravenes sec. 7, art. 3 of the constitution : Safe Deposit Co. v. Fricke, 152 Pa. 238.

*William S. McLean*, for appellee, was not heard, but cited in his printed brief: Dillon on Municipal Corporations, sec. 54; McCleary v. Allegheny, 163 Pa. 578; Com v. Macferron, 152 Pa. 244; Quinn v. Cumberland Co., 162 Pa. 55.

PER CURIAM, April 29, 1895:

The question presented by this case stated was correctly decided by the learned president of the 44th district, who specially presided at the hearing. All that can be profitably said on the subject will be found in his clear and satisfactory opinion. On it we affirm the judgment.

Judgment affirmed.